[No. 17677.   Department Two.   June 15, 1923.]

R. ELLA HENSLEY, *Respondent*, v. FRANK M. HENSLEY, *Appellant*.[1]

Appeal from an order of the superior court for King county, Mills, J., entered May 26, 1922, upon findings in favor of the plaintiff, in an action to compel reimbursement of expenses for the support of children after a decree of divorce, tried to the court. Affirmed.

*Rummens & Griffin*, for appellant.
*Poe, Falknor & Falknor*, for respondent.

PER CURIAM.—The appellant, Frank M. Hensley, and the respondent, R. Ella Hensley, formerly husband and wife, were divorced by a decree of the superior court of King county on February 24, 1919. The parties have three minor children, and the care and custody of these were awarded to the respondent during the school months of the year, and to the appellant for the remainder of the year; this condition to continue for a period of seven years. The decree also required the appellant, during the time he was entitled to the custody of the children, to pay for their "clothing, support and education." The appellant, during the portion of the years 1919, 1920 and 1921 he was entitled to such custody, did not take them into his custody, nor did he pay for their clothing, support or education during any part of such periods. The burden of this fell upon the respondent, and she thereupon instituted this proceeding to compel the appellant to reimburse her for the expenditure made by her in that behalf. The appellant contested her right to recover, and the trial court, after a hearing on the merits of the claim, awarded her a judgment in the sum of $442.15.

The appeal is before us on the findings made by the trial court, no bill of exceptions or statement of facts appearing in the record. These findings we find amply sufficient to sustain the judgment. By the terms of the decree, the appellant is obligated to bear the cost of supporting the children during a certain defined part of the year, and we cannot discover that the judgment of the court obligates him to do more.

Affirmed.

[1]Reported in 215 Pac. 1119.