[No. 17677.  *En Banc.*  January 4, 1924.]

R. ELLA HENSLEY, *Respondent,* v. FRANK M. HENSLEY, *Appellant.*[1]

DIVORCE (106)—SUPPORT OF CHILDREN AFTER DIVORCE—CONTRIBU- TIONS BY MOTHER.  Under a decree of divorce awarding the custody of the children to the mother during the school months and to the father the remainder of the year for a period of seven years, and providing that the father shall pay for their clothing, support and education during the time he has their custody, a mother cannot recover for their clothing and support during the vacation periods where the father did not have their custody during such times (MAIN, C. J., FULLERTON, and MITCHELL, JJ., dissenting).

Appeal from an order of the superior court for King county, Mills, J., entered May 26, 1922, upon findings in favor of the plaintiff, awarding reimbursement of expenses for the support of children after a decree of divorce, tried to the court.  Reversed.

*Rummens & Griffin,* for appellant.

*Poe, Falknor & Falknor,* for respondent.

MACKINTOSH, J.—The statement of this case appears in *Hensley v. Hensley,* 125 Wash. 697, 215 Pac. 1119, where the matter was before one of the Departments, which disposed of it in the absence of a statement of facts; in this hearing before the entire court, the statement of facts has become a part of the record, and a reading of it is persuasive that the judgment should be reversed.

[1]Reported in 221 Pac. 978.

The divorce decree provided that the care, custody and control of the three minor children should be in both parties jointly; the respondent to have them during the school year and the appellant during the summer vacation, and "that during the three months of each year in which the minor children are awarded to defendant (appellant) he will, during that time . . . pay for their clothing, support and education."

While not plainly stating that the obligation to support the children during the summer time was contingent upon the appellant's having them with him during that time, that is very clearly the probable intent of the maker of the decree. The testimony cannot help but impress the idea that the respondent has at least aided in preventing the appellant from having the company of his children during their vacations, and where her conduct has been such, and where, independent of the decree, she had an equal duty and ability with him to support the children, the court will say that her contributions were voluntarily made and are not recoverable.

The trial court correctly appraised the situation, but incorrectly determined the effect of the original decree in these remarks, made at the conclusion of the examination of the witnesses:

"This proceeding is just the aftermath of a mighty unfortunate condition. While there is a strong inclination on the part of this mother to keep the children away from the father, it is reasonably certain to me, perhaps, in some respects, he might have been disagreeable and been a little closer with his spending of money than the children might have desired, but that this has been a matter of common discussion between them is quite apparent to the court, and, in the nature of things, that there should be. If she has not actually tried to alienate the children from their father, she has unquestionably done that, and perhaps it is a mother's nature to do that, and a mother's natural desire and

all that sort of thing. It seems to me she ought to have some consideration, much more than she has had, for the feeling of the father for the children but more or less, the sympathies of the children are with their mother, naturally. I am frank to say I am very much of the opinion, possibly after seeing the witnesses and hearing their testimony, that the judge who signed this decree would not have signed it in the form in which it is had he foreseen the condition that now exists, because the provisions in the decree are that he shall support the children; he is supposed to have their custody, but the support for them is not made in any way conditional upon the custody of them; I think it is unfortunate that provision was not made in the decree, and I believe if this matter was being heard before any judge upon an application to modify this decree, he would probably modify it. I am satisfied if I were hearing it on this testimony I would be very much inclined to modify it, at least to the extent that he only be required to support them when he had the custody of them—during the summer months. The father, it is quite apparent to the court, is suffering from more or less of a physical disability and illness, making him more or less irritable and impatient and all of that, and perhaps he has not been just as patient with the children as he might have been. There is one other reason why those children would rather be with their mother, and that is, on account of their associates; perfectly natural. I am frank to say I dislike to enter the order I am going to make, but I feel I am bound by the testimony as I find it, and construe it."

The judgment is reversed.

BRIDGES, PARKER, HOLCOMB, TOLMAN, and PEMBERTON, JJ., concur.

FULLERTON, J. (dissenting)—I am of the opinion that the trial court correctly determined the legal question involved, and I therefore dissent from the conclusion of the majority.

MAIN, C. J., and MITCHELL, J., concur with FULLERTON, J.